**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MOZELLE J. THOMAS and
JALYNNE SANTIAGO, as personal
representatives of the Estate of
Javon Thomas, deceased,

                      Plaintiffs,

vs.                            Case No.  3:13-cv-737-J-99MMH-MCR

CITY OF JACKSONVILLE, a Florida
municipal corporation by and through its
Jacksonville Sheriff's Office and its Division
of Health Services, and JOHN
RUTHERFORD, in his official capacity as
Sheriff for Duval County,

                      Defendants.

_____/

## O R D E R

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiffs initiated the instant action on

June 21, 2013, by filing a four-count Complaint against the City of Jacksonville (Doc. No. 1;

Complaint).  On December 19, 2013, Plaintiffs filed a five-count[1] Amended Complaint and

Demand for Jury Trial, adding as a defendant John Rutherford, in his official capacity as

Sheriff for Duval County (Doc. No. 9; Amended Complaint).  Upon review, the Court finds

that the Amended Complaint constitutes an impermissible "shotgun pleading."  A shotgun

complaint "contains several counts, each one incorporating by reference the allegations of

its predecessors, leading to a situation where most of the counts . . . contain irrelevant

factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds</u>

_____

      [1] The fifth count of Plaintiffs' Amended Complaint is mislabeled "COUNT VI."  <u>See</u> Amended Complaint at 11.

& Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id.  Here, the first, second, third, and fifth causes of action of the Amended Complaint incorporate by reference all of the allegations of the preceding causes of action.  See Amended Complaint at 4-12.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011)).

In light of the foregoing, it is **ORDERED**:

1.    The Amended Complaint and Demand for Jury Trial (Doc. No. 9) is

      **STRICKEN**.

2.    Plaintiffs shall file a second amended complaint consistent with the directives

      of this Order on or before **January 22, 2014.**  Failure to do so may result in a

      dismissal of this action.

3.    Defendants shall respond to the second amended complaint in accordance

      with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers on December 20, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record

-3-