**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MOZELLE J. THOMAS and JALYNNE
SANTIAGO, as Personal Representatives
of the Estate of Javon Thomas, deceased,

                Plaintiffs,

vs.                                    Case No. 3:13-cv-737-J-32MCR

CITY OF JACKSONVILLE, a Florida
municipal corporation by and through
its JACKSONVILLE SHERIFF'S OFFICE
and its DIVISION OF HEALTH SERVICES
and JOHN RUTHERFORD, in his official
capacity as Sheriff for Duval County,

                Defendants.

_____

## ORDER

      Plaintiffs, personal representatives of Javon Thomas's estate, brought suit against

the City of Jacksonville (the "City"), Jacksonville Sheriff's Office ("JSO"), Sheriff John

Rutherford in his official capacity, and Jacksonville Sheriff's Office Division of Health

Services ("DHS") for the death of Javon Thomas while in police custody. (Doc. 12.)

Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 13), to

which Plaintiffs responded in opposition (Doc. 29). On July 11, 2014, the Court held a

hearing on the motion, the record of which is incorporated by reference.

## I. Background[1]

      On July 29, 2010, JSO officers arrested Javon Thomas for assault and interference

_____

[1] For motion to dismiss purposes, the Court takes Plaintiffs' allegations as true.

with custody of a child under the age of seventeen. (Doc. 12 at 3.) The officers placed Thomas in a police vehicle with the ignition in the off position and the windows rolled up for approximately four hours. (Id.) A neighbor noticed Thomas in a disorientated state inside the vehicle and informed the officers of her concerns, but the officers ordered her to "mind her own business." (Id.)

After being transported to the detention facility, Thomas called his fiancée, but was barely able to speak because of his physical condition. (Id.) During the night of July 29, several inmates reported to officers that Thomas complained of breathing difficulties. (Id.) On the morning of July 30, Thomas suffered a seizure while in JSO custody at the detention facility. (Id.) Medical staff at the detention facility placed Thomas in restraints on a stretcher and recommended he be transported to Shands Emergency Room. (Id. at 4.) Prior to transport, the medical staff administered "Zyprexa 10 Mg IM" to Thomas. (Id.) Shortly after receiving the medication, Thomas suffered another seizure and passed away. (Id.) An examination conducted on July 31 revealed the cause of death to be a seizure disorder of unknown etiology. (Id.) The report also noted that Thomas had a history of seizures and that cocaine may have been in his system. (Id.)

Plaintiffs sued the City, Sheriff Rutherford in his official capacity, JSO, and DHS in a five-count, twice-amended complaint, alleging (1) negligence; (2) municipal liability under 42 U.S.C. §§ 1983; (3) negligent supervision; (4) wrongful death under Fla. Stat. § 768.16; and (6) negligent hiring, training, and supervision.[2] (Doc. 12.) For each count, Plaintiffs

---

[2] Plaintiffs' Second Amended Complaint erroneously calls what should be Count V "Count VI." For consistency, the Court has retained the original numbering of "Count VI" as it

2

request (a) a trial by jury; (b) actual and compensatory damages; (c) punitive damages; (d) an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and (e) any other relief that this Court deems just and proper. (Id.)

## II. Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). While Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," it does not require "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. Id. at 679. A claim is facially plausible when the Court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the complaint only alleges facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

_____

appears in Plaintiffs' Second Amended Complaint.

**III. Discussion**

**A. Duplicative Claims Against Sheriff Rutherford, JSO, and DHS**

Plaintiffs assert claims against the City, Sheriff Rutherford in his official capacity, JSO, and DHS. Defendants moved to dismiss Sheriff Rutherford, JSO, and DHS from the action, reasoning that having these parties in a suit in which the City is also a party is duplicative. (Doc. 13 at 3-4.)

Plaintiffs sue Sheriff Rutherford in his official capacity for all claims. (Doc. 12.) Because Sheriff Rutherford is only being sued in his official capacity, the suit is merely another way to plead a case against the entity of which he is an agent–the City. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (explaining that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"). Thus, suing Sheriff Rutherford in his official capacity and suing the City are functionally equivalent. Busby, 931 F.2d at 776. Because the City has been sued directly, it is proper to dismiss the claims against Sheriff Rutherford in his official capacity as redundant and potentially confusing. Id.

Plaintiffs also include JSO and DHS as defendants in the action. The law of the state in which the district court is located governs whether an entity can be sued in federal court. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992) (citing Fed. R. Civ. P. 17(b)). Florida's Constitution empowers municipalities to "perform municipal functions and render municipal services." Fla. Const. art. VIII, § 2, cl. b. With these powers, the City, a municipality, renders policing services through JSO and DHS, which are not distinct legal entities recognized by

4

Florida's Constitution. See id. Furthermore, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989). JSO and DHS are integral to the City's policing functions, as no other police departments exist to police the City. Therefore, JSO and DHS are not legally distinct entities from the City. It is proper to dismiss JSO and DHS, leaving the City as the only defendant.

**B. Municipal Liability Under 42 U.S.C. §§ 1983 and 1988**

Plaintiffs' § 1983 claim against the City in Count II asserts: (1) the City fails to adequately discipline, train, or otherwise direct its police officers and (2) JSO has a custom or policy of disregarding the constitutional right to medical care under the Fourteenth Amendment's Due Process Clause. "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

Defendants argue that no custom or policy exists that constitutes deliberate indifference to a constitutional right. "A policy is a decision that is officially adopted by the municipality . . . ." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). However, a custom, or "a practice that is so settled and permanent that it takes on the force of law," may substitute for a policy. Id. Constitutional polices can also become unconstitutionally applied through a repeated failure to train. City of Canton, 489 U.S. at 387.

5

Because a municipality, such as the City, will not likely have an express written or oral policy of inadequately training or supervising its employees, a plaintiff may prove a "policy" by showing that the City's failure to train amounts to a "deliberate indifference" to the rights of its citizens. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing City of Canton, 489 U.S. at 388-89). "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id. (citations omitted).

Claims involving a violation of a constitutional right for a pretrial detainee are governed by the Due Process Clause of the United States Constitution's Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). In turn, the standards under the Eighth Amendment inform the analysis under the Fourteenth Amendment's Due Process Clause for alleged constitutional violations against a pretrial detainee. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985). Plaintiffs fail to sufficiently articulate this claim and the elements required by law.[3] Moreover, with discovery already taken and to be taken, Plaintiffs should be capable of including more factual content in their next amended complaint.

### C. Negligent Hiring, Training, and Supervision

In Count VI, Plaintiffs assert a claim for negligent hiring, training, and supervision. Defendants assert that sovereign immunity shields the City from liability under this claim.

---

[3] The Court also has concerns over whether the examples of past deliberate indifference by the City alleged by Plaintiffs are appropriately tailored to this action.

Under Florida law, "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions, such as development and planning of governmental goals and policies." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001) (citing Dep't of Health & Rehabilitative Servs. v. Yamuni, 529 So. 2d 258, 260 (Fla. 1988)). While sovereign immunity is waived for implementation or operation of a city's police training program, a city cannot be held liable for suits about the content of police training and supervision. Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1118 (11th Cir. 2005) (upholding a finding of sovereign immunity where the plaintiffs argued for implementation of different suicide prevention techniques and practices); see also Mercado v. City of Orlando, 407 F.3d 1152, 1162 (11th Cir. 2005). To distinguish claims involving police operation from claims involving a discretionary policy-making function, the Court looks to see whether the claim challenges implementation of an already established policy or whether it seeks to alter the content of a training program. Wynn v. City of Lakeland, 727 F. Supp. 2d 1309, 1318 (M.D. Fla. 2010).

Plaintiffs appear to allege both operational and policy content claims against Defendants. (Doc. 12 at 13.) Plaintiffs assert that Defendants failed to properly instruct officers about the protocols involving inmates who suffer seizures (Id. at ¶ 52). This claim may well be operational in nature and not protected by sovereign immunity, as Plaintiffs seek to challenge Defendants' implementation of an existing training program. Cook, 402 F.3d at 1118. However, Plaintiffs also allege that Defendants had a duty to promulgate regulations concerning treatment of those who suffer a seizure while in custody. (Id. at ¶ 53.) Similar to Cook, which upheld sovereign immunity where the plaintiffs argued for

7

implementation of suicide prevention practices, sovereign immunity may well protect Defendants from being forced to implement specific policies regarding treatment of seizures. Id. When Plaintiffs amend their complaint, they must properly allege only operational issues.

### D. Punitive Damages

In all counts, Plaintiffs request punitive damages. (Doc. 12.) A municipality is immune from punitive damages in a § 1983 action. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Under Florida law, "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment." Fla. Stat. § 768.28(5). Under Florida law, a municipality is considered a state agency or subdivision, Fla. Stat. § 768.28(2), so the City, a municipality, is a subdivision of the state for the purposes of § 768.28(5). Therefore, punitive damages are not recoverable against the City for the § 1983 action in Count II or for any of the state claims in Counts I, III, IV, and VI.

### E. Remaining State Law Claims Not Dismissed

Defendants moved to dismiss the remaining state law claims in this action for lack of jurisdiction, based on the absence of any valid federal claim. However, because Plaintiffs are being granted an opportunity to replead their § 1983 claim, dismissal of the remaining state law claims–Negligence in Count I, Negligent Supervision in Count III, and Wrongful Death in Count IV–would be premature.

**F. Future Amended Complaint**

At oral argument, Plaintiffs stated that they have found additional facts from discovery and request the opportunity to focus the complaint on the issues. The Court will grant Plaintiffs the opportunity to amend the complaint. Additionally, the Court is willing to allow Plaintiffs to name individual defendants in the amended complaint, so long as Plaintiffs have a legal basis for doing so. Further, Plaintiffs must evaluate the state law claims to ensure they meet all of the elements required by law and are not duplicative of one another. As the complaint reads now, some count titles do not match what is alleged in the actual count; this should be redressed in the subsequent amended complaint. Plaintiffs should ensure each count contains a non-redundant, separate cause of action.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 13) is **GRANTED** as to the claims against Sheriff Rutherford, Jacksonville Sheriff's Office, and Jacksonville Sheriff's Office Division of Health Services, which defendants are dismissed with prejudice. Plaintiffs' claims seeking punitive damages against the City of Jacksonville are also dismissed with prejudice. In all other respects, the motion is **GRANTED** but with leave to amend as discussed in this order.

2. Plaintiffs shall file a Third Amended Complaint no later than **September 17, 2014**.

3. Defendant(s) shall respond to the Third Amended Complaint no later than **October 17, 2014**.

4. Once the pleadings are settled, the Court will ask Judge Richardson to conduct a

9

settlement conference. The Court will delay entering the case scheduling order until settlement discussions conclude, but the parties are permitted to engage in discovery in the meantime.

      **DONE AND ORDERED** at Jacksonville, Florida this 17th day of July, 2014.

 

                                         TIMOTHY J. CORRIGAN
                                         United States District Judge

c.w.

Copies:

counsel of record